UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRISTAN A. MORRIS,

    Plaintiff,

v.                                                CASE NO: 8:11-cv-935-T-26TBM

PUBLIX SUPERMARKETS, INC.,

    Defendant.
_____/

## O R D E R

Pending before the Court is Defendant Publix Super Markets, Inc.'s (Publix) dispositive motion for summary judgment and incorporated memorandum of law,[1] which is supported by a statement of undisputed facts and extensive exhibits.[2] Plaintiff Tristan A. Morris (Morris) has filed a response in opposition.[3] After careful consideration of the parties' submissions, together with the court file, the Court concludes that the motion is due to be denied.

Morris has filed a complaint accusing Publix of violating his rights under the Family and Medical Leave Act (the FMLA) by interfering with the rights conferred by the FMLA and by terminating his employment while he was on medical leave. Publix contends that no genuine issues of material fact exist with regard to Morris' failure to provide timely notice of his need for

---

[1] See docket 13.

[2] See dockets 14 and 15.

[3] See docket 16.

leave under the FMLA, as well as Morris' inability to rebut Publix's legitimate, non-discriminatory reason for terminating his employment— failure to call in or come to work seven (7) times in a six-month period in accordance with Publix's attendance policy. Morris counters forcefully that his testimony alone creates genuine issues of material fact with respect to Publix's contentions.

After close and careful review of the excerpts of Morris' deposition testimony furnished by Publix,[4] the Court agrees that his factual version surrounding whether he called into work on those days he was exercising leave under the FMLA or whether he was even required to do so under Publix's policy creates genuine issues of material fact with are the prerogative of the trier of fact, and not this Court, to resolve.[5]  Accordingly, the Dispositive Motion for Summary Judgment (Dkt. 13) is denied.

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[4]  See docket 15, exhibit 1.

[5]  Under Eleventh Circuit precedent, the Court is required when considering the propriety of entering summary judgment to accept a plaintiff's factual version as true. See First Nat'l Bank of Las Vegas, N.M. v. Estate of Russell, 657 F.2d 668, 669 (5th Cir. Sept. 23, 1981). The Court notes that in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to the close of business on September 30, 1981.